UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civ. No. 2:12-04653 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Brenda Murphy, a former mail handler, brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying Murphy's application for Supplemental Security Income ("SSI") Benefits. For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On August 25, 2008, Brenda Murphy first presented at the UMDNJ emergency room complaining of chest pain, shortness of breath, and headaches. Administrative Transcript ("Tr.") 152-175. A chest x-ray indicated a normal heart and lungs, and doctors concluded that Murphy's chest pain was "unlikely cardiac" in origin. *Id*. Murphy was diagnosed with uncontrolled hypertension and non-specific leg edema. *Id*. Doctors prescribed hydrochlorathiazide and told Murphy to follow-up in three days. *Id*. Blood pressure readings from September 4, 2008 and October 24, 2008 revealed uncontrolled hypertension with no evidence of end organ damage. *Id.* at 182-183.

On September 24, 2008, Murphy applied for SSI benefits, claiming a disability onset date of January 1, 2005. On October 21, 2010, administrative law judge Leonard Olarsch ("the ALJ") held a hearing on Murphy's application. Murphy arrived at the hearing holding a cane and wearing a fanny pack around her waist. *Id.* at 24, 29. On the record, the ALJ described the fanny pack as "big." *Id.* at 24.

Murphy testified that she last worked as a mail handler for the United States Postal Service. *Id.* at 26. In that capacity, she put mail and other packages in boxes. *Id.* Murphy testified that she left the Post Office because of back problems that continue to cause her pain. *Id.* at 27, 30. Murphy testified that she suffers from painful muscle

spasms in both legs and high blood pressure. *Id.* at 30-31. As for her exertional abilities, Murphy testified that she can sit for up to thirty minutes, stand for at least an hour, walk for about five minutes, and lift a gallon of milk. *Id.* at 36-38. Murphy also testified about her daily activities. She said that she cooks, cleans her apartment, does laundry, watches television, goes to the mall with her daughter, shops for groceries, and pursues her hobbies of sewing, knitting and painting. *Id.* at 38-42.

Following the hearing, the ALJ issued a written decision concluding that Murphy is not disabled because she can perform her past work as a mail handler. *Id.* at 8-16. In his decision, the ALJ noted that while Murphy was diagnosed with hypertension, there was no objective medical evidence establishing that Murphy has back problems. *Id.* at 13-14. The Appeals Council denied Murphy's request for review on June 4, 2012, and this action followed.

## II. THE ALJ'S DECISION

At step one, the ALJ found that Murphy had not engaged in substantial gainful activity since the application date of September 24, 2008. Tr. 13. At Step 2, the ALJ found that Murphy's hypertension constitutes a severe impairment. *Id*. At Step 3, the ALJ found that Murphy's impairments do not meet or medically equal one of the impairments listed in Part A. *Id.* At Step 4, the ALJ found that Murphy has the residual functional capacity ("RFC") to perform light work. *Id*. at 14. The ALJ also found that Murphy can perform her past work as a mail handler. *Id*. at 15-16. Accordingly, the ALJ did not reach Step 5.

## III. DISCUSSION

Murphy challenges the ALJ's Step 4 finding. First, she argues that the ALJ's RFC finding was not supported by substantial evidence. Second, she argues that the ALJ's finding about Murphy's ability to perform her past work as a mail handler was not supported by substantial evidence.

### A. The ALJ's RFC Finding Was Supported By Substantial Evidence.

Murphy challenges the ALJ's RFC determination on four grounds. First, she argues that the ALJ made an improper inference about Murphy's RFC based on the ALJ's observations during the hearing. Second, she argues that the ALJ's credibility determination rested on a flawed interpretation of the medical evidence. Third, she argues that the ALJ should not have considered Murphy's daily activities when he made his RFC finding. Fourth, she argues that the ALJ incorrectly based his RFC decision on Murphy's failure to take her medicines. Murphy's arguments fail.

At step four, the ALJ considers whether "despite any severe impairment, the claimant retains the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). "[RFC] is defined as that which an individual is still able to do despite

2

the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (internal quotation and citation omitted). The Social Security regulations instruct administrative law judges to make RFC determinations that reflect an individual's subjective experience of pain, but only inasmuch as the pain "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(c)(4).

The ALJ concluded that Murphy had the RFC to perform light work. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b). In determining that Murphy could perform light work, the ALJ considered the objective medical evidence, which indicates that Murphy's heart and lungs function normally despite Murphy's hypertension and leg edema. Tr. 152-75. The ALJ also considered Murphy's complaints of back pain and muscle spasms. The ALJ found that Murphy's testimony about her back pain and muscle spasms was not credible because it was not supported by objective medical evidence, because it was contradicted by Murphy's testimony about her daily activities, and because it conflicted with the ALJ's observations of Murphy at the hearing. *Id.* at 13-15. In assessing Murphy's credibility, the ALJ also noted that Murphy's symptoms of leg edema and chest pain were not "diagnostically related" to her hypertension. *Id.* at 15. The ALJ's RFC determination was supported by substantial evidence.

Murphy disagrees. She argues that the ALJ "misconstrued his own observations of Ms. Murphy's capacity *to lift and carry*." Pl. Br. at 14 (emphasis in original). Here, Murphy points to the following section of the ALJ's opinion:

> At the hearing, the claimant was observed to enter the hearing room with a cane, a heavy bag, and a heavy package around her hips. However, she had no problem standing and lifting her objects.

Tr. 15. It was proper for the ALJ to assess Murphy's credibility based partly on the ALJ's observations of Murphy during the hearing. *Bembery v. Barnhart*, 142 F. App'x 588, 591 (3d Cir. 2005). While Murphy is correct that the record does not reflect that Murphy was carrying a heavy bag in addition to her fanny pack, the Court finds this discrepancy to be insufficient to overturn the ALJ's credibility finding. *See Anglin v. Colvin*, No. No. 12-1027, 2013 WL 1914582, at *11 (D.S.C. Apr. 17, 2013) ("To the extent that the ALJ may have improperly relied on the TOMM test administered by Dr. Hammond, the court finds this error to be harmless because the ALJ gave several other reasons for his credibility finding that were supported by substantial evidence.").

Second, Murphy argues that the ALJ's credibility decision rested on a flawed reading of the medical record. The ALJ found that Murphy's leg edema and chest pains were not medically related to her diagnosed hypertension. Pl. Br. at 14. Because he concluded that Murphy's leg problems and chest problems were not related to an objective medical problem, the ALJ found that Murphy's testimony about the magnitude

and intensity of her pain lacked credibility. While Murphy contends that her leg edema and chest pains were caused by her hypertension, she cites nothing in the record supporting this argument.

Third, Murphy argues that the ALJ should not have based his RFC finding on Murphy's daily activities. The ALJ did not base his RFC finding solely on Murphy's ability to perform daily activities. Because the objective medical evidence did not support Murphy's complaints of pain, it was entirely proper to consider Murphy's daily activities. *See Hall v. Astrue*, No. 6-1000, 2009 WL 2366891 (E.D.N.Y. July 31, 2009) (citing 20 C.F.R. § 404.1529(c)(3)).

Finally, Murphy argues that the ALJ's finding that Murphy did not take her medicines improperly led the ALJ to conclude that Murphy was not disabled. But it is plain that the ALJ's finding about Murphy's failure to take her medicines provided an alternative ground for his ultimate disability decision. For the reasons stated above, the ALJ's RFC finding was supported by substantial evidence.

### B. The ALJ's Finding That Murphy Can Perform Her Past Work as a Mail Handler Was Supported By Substantial Evidence.

Murphy also contests the ALJ's finding that she could perform her past relevant work as a mail handler. Murphy maintains that she cannot return to her old job as a mail handler because the job requires more than light work. But, as Murphy concedes, the question is not whether Murphy can return to her old position. The question is whether Murphy can return to her old position **or** whether Murphy can perform the work of a mail handler as that job is typically performed in the national economy. *See* 20 C.F.R. § 416.960(b)(2); *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

In determining that Murphy can perform the job of a mail handler as the job is performed in the national economy, the ALJ properly looked to the Dictionary of Occupational Titles' ("DOT's") description of a mail handler's job function. *See* 20 C.F.R. § 404.1560(b)(2); *see also Hall v. Astrue*, No. 6-1000, 2009 WL 2366891 (E.D.N.Y. July 31, 2009). According to the DOT, the job of a mail handler requires light work. Tr. 17 (citing DOT Code # 209.687-014). Because substantial evidence supports the ALJ's RFC finding that Murphy can perform light work, the ALJ properly found that Murphy can perform her past work as a mail handler.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED.**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 31, 2013**